**APPEAL NOS. 2014-1066, -1067, -1068, -1069, -1070**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

*In re:* **PACTIV LLC**

**Appeals from the United States Patent and Trademark Office,
Patent Trial and Appeal Board**

**UNOPPOSED MOTION OF APPELLANT PACTIV LLC TO
CONSOLIDATE APPEALS FOR PURPOSES OF BRIEFING AND
ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 3(b)(2), Appellant Pactiv LLC respectfully moves to consolidate Appeal Nos. 2014-1066, 2014-1067, 2014-1068, 2014-1069, and 2014-1070 (hereinafter, "the appeals") for briefing and argument.

A court has broad authority under Fed. R. App. Proc. 3(b)(2) to consolidate appeals. *See United States v. Williamson*, 706 F.3d 405, 418 (4th Cir. 2013). The consolidation of appeals under Rule 3(b)(2) is encouraged whenever feasible. *See* Fed. R. App. Proc. 3, Notes of Advisory Committee (1967). In particular, appeals should be consolidated when they present common questions of law and fact. *See*,

*e.g.*, *Northeast Ohio Coalition for Homeless and Service Employees v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006).

The appeals here involve similar legal and factual issues, rendering the appeals appropriate for coordinated briefing and one oral argument before one panel of judges.  For the parties to prepare, and the Court to receive, five separate sets of briefs and arguments in the appeals would be inefficient and unnecessary.

The appeals arise from proceedings before the Patent Trial and Appeal Board (PTAB) at the United States Patent and Trademark Office (USPTO) involving reexaminations of five related patents held by Appellant.  The same Examiner was responsible for the reexamination of the five patents, and the same Administrative Panel Judges were responsible for the proceedings before the PTAB.  The reexaminations were handled similarly.  Each of the reexaminations involved claim rejections based on the same references.  In each of the reexaminations, Appellant presented the same evidence and made the same or similar arguments to overcome the claim rejections.  Thus, consolidation of the appeals would conserve resources for both the Court and the parties, while simultaneously facilitating orderly presentation of common questions of law and fact.

In addition, the appeals were all docketed on November 5, 2013.  Thus, consolidation will in no way delay the disposition of any of the appeals.

Pursuant to Federal Circuit Rules 26(b)(3) and 27(a)(5), Appellant states that its counsel communicated its intention to file this motion with counsel for Appellee USPTO. Appellee's counsel stated that Appellee will not object to this motion and will not file a response.

WHEREFORE, Appellant moves that Appeal Nos. 2014-1066, 2014-1067, 2014-1068, 2014-1069, and 2014-1070 be consolidated for briefing and argument.

Respectfully submitted,

December 9, 2013
/s/ John C. Gatz

John C. Gatz
NIXON PEABODY LLP
300 South Riverside Plaza, 16th Floor
Chicago, Illinois  60606
P: (312) 425-3900
F: (312) 425-3909
jgatz@nixinpeabody.com

Daniel H. Shulman
Reynolds Group Holdings Ltd.
1900 West Field Court
Lake Forest, Illinois 60045
P:  (847) 482-2287
F:  (847) 615-6464
dshulman@pactiv.com

Attorneys for Appellant

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of December, 2013, a copy of the foregoing Unopposed Motion of Appellant Pactiv LLC to Consolidate Appeals for Purposes of Briefing and Argument was served via ECF to:

                                              /s/ John C. Gatz
                                              John C. Gatz